Case 11-10636   Filed 08/01/11   Doc 41

POSTED ON WEBSITE

FOR PUBLICATION

FILED

AUG 01 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re

Amanda Kay Renteria,

    Debtor.

Case No. 11-10636-B-13

DC No. MHM-1

**MEMORANDUM DECISION REGARDING TRUSTEE'S
OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Kristen M. Gates, Esq., appeared on behalf of the chapter 13 trustee,
Michael H. Meyer, Esq.

Geoffrey M. Adalian, Esq., appeared on behalf of the debtor, Amanda Kay
Renteria.

    Before the court is an objection by the chapter 13 trustee, Michael H. Meyer, Esq. (the "Trustee") to confirmation of a chapter 13 plan (the "Plan") filed by the debtor, Amanda Kay Renteria (the "Debtor"). The Trustee's objection arises from the fact that the proposed Plan separately classifies and gives preferential treatment to a substantial unsecured claim for which the Debtor's mother is a co-debtor (the "Objection"). The Trustee contends that the Plan unfairly discriminates against the other unsecured creditors in violation of 11 U.S.C. § 1322(b)(1).[1] For the reasons

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after*

set forth below, the Objection will be overruled.

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. The court has jurisdiction over this matter under 28 U.S.C. § 1334, 11 U.S.C. § 1325 and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(L).

**Background and Findings of Fact.**

The underlying facts here are not in dispute. This bankruptcy petition was filed under chapter 13 on January 20, 2011. Prior to the bankruptcy, in June 2009, the Debtor retained the services of attorney James B. Preston, Esq. ("Preston") to represent the Debtor in some family law litigation involving alleged domestic violence and paternity, pending in the state court. The Debtor's mother, Nellie Reser, co-signed and guaranteed a written fee agreement with Preston. In September 2010, Preston filed a civil action against the Debtor and her mother to enforce the fee agreement and collect his legal fees. After the Debtor sought bankruptcy protection, in March 2011, Preston filed pleadings in the state court to obtain a default judgment against Ms. Reser. It is not clear from the record whether the default judgment was actually entered or whether Present started collection proceedings.[2] Preston filed a proof of claim in this bankruptcy for

---

October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2]Presumably, Ms. Reser is protected by the co-debtor stay under § 1301(a). Preston has never sought relief from the co-debtor stay and the Debtor has not taken any action in this court to enforce the co-debtor stay.

2

$20,499.07 (the "Preston Claim"). The Debtor has not objected to the Preston Claim.

According to the Debtor's schedules, she owns no real property and all of her personal property is either fully encumbered or exempt. The Debtor and her non-filing spouse are below the "median income" applicable to their family so her current monthly income is determined from schedules I and J. The Debtor's monthly net income is reported to be $709.60. The Plan proposes to pay the full amount of the Debtor's net income to the Trustee for a period of 36 months. With that money, the Plan provides for full payment of the Preston Claim with interest at the annual rate of 10%. The Plan does not provide for any distribution to the other unsecured creditors.[3]

**Applicable Law.**

The Bankruptcy Code allows a chapter 13 debtor to classify unsecured claims for different treatment in the same manner authorized for chapter 11 claims, subject to a restraint on "unfair discrimination." The applicable law is § 1322(b)(1) which provides:

(b) . . . the plan may–

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; *however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt*

---

[3]The Debtor states in her declaration that she made an agreement with the Trustee to increase her Plan payment and provide an additional $7,196.06 (less the Trustee's compensation) for the general unsecured creditors. That Plan modification does not appear in the record and was not mentioned by the Trustee in his Objection.

3

*with the debtor differently than other unsecured claims.* (Emphasis added, hereafter, the "However Clause").

The term "consumer debt" used in § 1322(b)(1) appears throughout the Bankruptcy Code in different contexts. The term "consumer debt" is defined in § 101(8) as follows: The term "consumer debt" means debt incurred by an individual primarily for a personal, family, or household purpose.

The Debtor has the burden of proof to establish, by a preponderance of the evidence, that her Plan complies with the provisions of the Bankruptcy Code. *U.S. v. Arnold and Baker Farms (In re Arnold and Baker Farms)*, 177 B.R. 648, 654 (9th Cir. BAP 1994) (judg't aff'd 85 F.3d 1415 (9th C.A. 1996), *cert. denied* 519 U.S. 1054 (1997).)

**Issues Presented.**

The Trustee objects to confirmation of the Plan because of the disparate treatment given to the Preston Claim, full payment with interest to the complete exclusion of all other unsecured claims. The Trustee contends that the Plan discriminates unfairly against the other unsecured creditors and therefore fails to comply with § 1322(b)(1). In response, the Debtor argues that the "However Clause" in the second half of § 1322(b)(1) exempts the Preston Claim from the "unfair discrimination" test in the first half.[4]

There is no dispute that the Preston Claim is unsecured and that another individual, Ms. Reser, is liable with the Debtor for payment of the

---

[4] The Debtor contends in a separate argument that the Plan does satisfy the "unfair discrimination" test. Because the court concludes that the "unfair discrimination" test is not applicable to the Preston Claim, the Debtor's alternative argument will not be considered.

4

Preston Claim. The Trustee asks the court to rule solely on the application of § 1322(b)(1) to the facts. The Trustee does not contend that either the bankruptcy, or the Plan were filed in bad faith. Therefore, the issues presented here are: (1) is the Preston Claim a "consumer debt"; and (2) does the "unfair discrimination" test in § 1322(b)(1) apply to the Plan's treatment of the Preston Claim?

**Analysis and Conclusions of Law.**

**The Preston Claim is a "Consumer Debt."** In his original objection, the Trustee argued that the Preston Claim, for attorney's fees incurred in the prosecution of family law litigation, is not a "consumer debt." The Trustee has since withdrawn that issue in his supplemental statement of issues. However, the question was raised, and it must be addressed as a predicate to the application of § 1322(b)(1).

The Ninth Circuit has already addressed this issue in the context of a motion to dismiss for substantial abuse under § 707(b).[5] *See Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 913 (9th Cir. 1988). In deciding what kind of debts the debtors brought to the case, the court concluded that legal fees incurred as a result of litigation for family-related matters (litigation to recover fees overpaid in the purchase of the family home) are in the nature of a "consumer debt" within the meaning of §§ 101(8) and 707(b). The court observed, "[t]he litigation thus served primarily a 'family' or 'household' purpose within the meaning of [section 101(8)]. A debt for attorney's fees incurred in attempting to further this purpose, like any other debt so incurred, qualified as a consumer debt." *Kelly*, 841 F.2d at 913.

---

[5]Section 707(b) applicable at the time, permitted the U.S. Trustee to seek dismissal of a case, filed by an individual whose debts are *primarily consumer debts* upon a showing that the granting of relief would be an abuse of chapter 7.

5

The Preston Claim is a debt incurred for the purpose of representing the Debtor in a family law dispute, the nature of which is described by the Debtor as "an action for domestic violence and paternity." It strikes this court that few matters could be more "personal and family" related than a dispute over alleged domestic violence and paternity. The Court established in *Kelly* that the legal fees incurred in connection with litigation over a debtor's home can be a "consumer debt." This court can find no reason to reach a different result with regard to the legal fees reflected in the Preston Claim.

**The "Unfair Discrimination" Test in § 1322(b)(1) is Not Applicable to the Preston Claim.** The second issue relates to application of the "However Clause" in § 1322(b)(1). The Ninth Circuit Bankruptcy Appellate Panel long ago adopted from prior case law a four-part inquiry for determining whether a chapter 13 plan unfairly discriminates against certain classes of claims. *Wolff v. AMFAC Distribution Corporation (In re Wolff)*, 22 B.R. 510, 512 (9th Cir. BAP 1982) (citations omitted).[6] The Trustee contends, without citation to any authority, that the four-part *Wolff* test still applies to the classification of a co-debtor-consumer claim, notwithstanding the seemingly clear language of the However Clause.[7]

---

[6] The "unfair discrimination" test adopted in *Wolff* requires the court to consider the following questions: (1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without the discrimination; (3) whether the discrimination is proposed in good faith; and (4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination.

[7] The Trustee cites the Ninth Circuit BAP's decision in *Meyer v. Hill (In re Hill)*, 268 B.R. 548 (9th Cir. BAP 2001) as "indicating" support for his position. However, the *Hill* decision has no application here. "We do not reach this interesting question because the record indicates that the § 1332(b)(1) 'however clause' does not apply." *Hill*, 268 B.R. at 550.

The problem with the Trustee's argument is two-fold. First, it fails to take into account the fact that the *Wolff* decision was issued in 1982, two years before the 1984 amendments that added the However Clause to the Bankruptcy Code. "The starting point in discerning congressional intent is the existing statutory text . . . and not the predecessor statutes. It is well established that 'when a statute's language is plain, the sole function of the courts–at least where the disposition required by the text is not absurd–is to enforce it according to its terms.'" *Lamie v. United States Trustee (In re Lamie)*, 540 U.S. 526, 534 (2004) (citations omitted). The court can find nothing in the legislative history of the 1984 amendments or in the language of the statute itself to support the Trustee's contention.[8]

Second, subjecting co-debtor-consumer claims to the same "unfair discrimination" test as other unsecured claims would render the However Clause meaningless. If the nature of the claim is just another factor to be considered as part of a *Wolff* inquiry, then the However Clause would be meaningless surplusage. "The courts must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Reswick v. Reswick (In re Reswick)*, 446 B.R. 362, 367 ((9th Cir. BAP 2011), *citing Boise Cascade Corporation v. United States Environmental Protection Agency (In re Boise Cascade Corp.)*, 942 F.2d 1427, 1432 (9th Cir. 1991).

Since the Bankruptcy Code was amended to include the However Clause, the courts have disagreed over the role of the "unfair

---

[8] *See* S.Rep. No. 65, 98th Cong., 1st Sess., pp. 17-18 (1983), quoted in *In re Thompson*, 191 B.R. 967, 970 (Bankr. S.D. Ga. 1996).

discrimination" test in the classification of co-debtor claims. Those courts that still apply the "unfair discrimination" test tend to construe the language of § 1322(b)(1) to be "awkward" and the legislative history to be "sparse" and ambiguous. *See In re Applegarth*, 221, B.R. 914-15 (Bankr. M.D. Fla. 1998). Nonetheless, the wording of the However Clause is not ambiguous. By giving effect to the plain meaning of the statute, this court is persuaded that Congress added the However Clause to § 1322(b)(1) specifically to carve out an exception to the "unfair discrimination" test, an exception that only applies to co-debtor-consumer claims. The court adopts as persuasive the discussion of this issue in the case of *In re Thompson*, supra, 191 B.R. 967.

> The Court finds [the four-part *Wolff*] test to be of little help in the present case. The difficulty lies in the fact that this test does not account for the special treatment Congress allowed in the case of cosigned debts. . . . *Discrimination in favor of codebtor claims is now a per se reasonable basis for separate classification.*

*Thompson*, 191 B.R. 967 at 971 (emphasis added).

That being said, the court notes that the "classification of claims" question is not the end of the confirmation inquiry. As noted by the *Thompson* court, the Debtor must still show that her Plan satisfies the other requirements for confirmation, including, but not limited to, the good faith test (§ 1325(a)(3)), the chapter 7 liquidation test (§ 1325(a)(4)) and, when applicable, the disposable income test (§ 1325(b)).

> The ability of a debtor to separately classify debts does not eclipse other applicable confirmation requirements. . . . If the result of a debtor's classification scheme is that the debtor is unable, for example, to provide all unsecured creditors with at least as much as they would have received under Chapter 7, the plan is not confirmable with the separate classification. The Court must consider whether the plan would be

> feasible with the separate classification, and whether the debtor has committed his available disposable income to repayment of his debts.
>
> Of particular importance is the requirement that the debtor pursue the separate classification in a good faith effort to reorganize and not simply as a means of preferring certain creditors at the expense of others. 11 U.S.C. § 1325(a)(3).

*Thompson*, 191 B.R. at 972.

In *Thompson*, the court ultimately denied confirmation of the debtor's chapter 13 plan because on the facts of the case, it was not persuaded that full payment of the co-debtor-claim, with 0% to the other unsecured creditors, satisfied the good faith required by § 1325(a)(3). *Thompson*, 191 B.R. at 974-75. Good faith is absolutely essential to confirmation of a chapter 13 plan. *Chinichian v. Campolongo (In re Campolongo)*, 784 F.2d 1440, 1442-44 (9th Cir. 1986). The court must consider the totality of the circumstances when making the "good faith" determination. "[T]he court must make its good faith determination in the light of *all* militating factors." *Goeb v. Heid (In re Goeb)*, 675 F.2d 1386, 1390 (9th Cir. 1982) (emphasis added).

Here, the Trustee did not raise any of the above objections. Indeed, the Trustee has asked the court to decide only the "unfair discrimination" issue discussed above, but that does not excuse the court from its duty to make sure the Plan complies with the applicable provisions of the Bankruptcy Code. § 1325(a); *United Student Aid Funds, Inc. v. Espinosa*, ___U.S.___, 130 S.Ct 1367, 1381 (2010). With regard to the chapter 7 liquidation test, it does not appear from the schedules that unsecured creditors would receive anything if this were a chapter 7. The Debtor is paying all of her "net monthly income" to fund the Plan. Neither the

Trustee, nor any creditor objected to the "disposable income" issue so § 1325(b) is not applicable. Finally, the Trustee did not object to the Debtor's good faith under § 1325(a)(3) so the court can make that finding without evidence. Rule 3015(f). Indeed, the Trustee states affirmatively in his opening brief his belief that the Plan was filed in good faith. Upon consideration of the facts of this case, the nature of the Preston Claim, the relationship between the Debtor and the co-signer, her mother, and the legislative history which explains the reasons for enactment of the However Clause, the court agrees with the Trustee, the Debtor's petition and Plan were filed in good faith.

**Conclusion.**

In conclusion, the Debtor clearly has a motivation, and presumably a compelling need, to make sure that the Preston claim is paid. The co-debtor, Ms. Reser, guaranteed Preston's fee agreement as an accommodation to her daughter in a difficult season. There is no evidence to suggest that Ms. Reser received any direct benefit from Preston's legal services. If confirmation of the Plan were denied, that would put the Debtor's mother in a position where she too might be forced to seek bankruptcy relief. If confirmation of the Plan were denied, the Debtor could simply choose to liquidate and pay the Preston Claim directly. Congress added the However Clause to the Bankruptcy Code to address "the reality of a debtor's motivations" and to "encourage a debtor to choose reorganization" over liquidation. *Thompson*, 191 B.R. at 971. Denial of confirmation here would not serve any practical purpose and would not result in a better outcome for anyone.

Based on the foregoing, the court finds and concludes that the

Preston Claim is a "consumer debt" within the meaning of the Bankruptcy Code. Based on the However Clause in § 1322(b)(1), the Debtor is not required to satisfy the "unfair discrimination" test with regard to classification of the Preston Claim. The court is satisfied that the bankruptcy petition and the Plan were both filed in good faith and that the other essential requirements for confirmation have been satisfied. Accordingly, the Trustee's objection is overruled. The Plan will be confirmed. The Debtor's attorney shall submit a proposed confirmation order to the chapter 13 trustee.

Dated: August ___/___, 2011

W. Richard Lee  
United States Bankruptcy Judge